Case 1:25-cv-11580-TLL-PTM   ECF No. 13-5, PageID.156   Filed 07/29/25   Page 1 of 4
In re Doe, Not Reported in N.W.2d (2006)
2006 WL 475285

2006 WL 475285
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

In the Matter of John DOE, Minor.
Richard ROE, Plaintiff–Appellant,
v.
UNIVERSITY OF DETROIT JESUIT HIGH
SCHOOL AND ACADEMY, Defendant–Appellee,
and
Karl KISER and Susan Rowe, Defendants.

No. 264679.
|
Feb. 28, 2006.

**Synopsis**
**Background:** Father of child who was sexually assaulted on premises of private high school during school event brought negligence action against school, school president, and school principal. The Circuit Court, Wayne County, entered summary judgment in favor of defendants. Father appealed.

**Holdings:** The Court of Appeals held that:

[1] high school did not owe a duty to protect child from convicted sexual felon who entered school during school-sponsored activity;

[2] school officials were not liable to child; and

[3] defense of governmental immunity was not applicable to private high school.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (3)

[1]    **Education** 👉 Duty to Protect Against Intentional Injuries

Private high school did not owe a duty to protect child from convicted sexual felon who entered school through unlocked and unattended doors during school-sponsored activity; school was not in session at time of assault, child was not participating in school-sponsored event, child's care and control was not entrusted to school at time of assault, and injury to child was not foreseeable.

[2]    **Education** 👉 Officers and employees

President and principal of private high school were not liable to child who was sexually assaulted by a convicted sexual felon on school premises during school event; school officials did not have direct oversight of child at the time of assault, and school officials did not owe administrative duty to protect child from unforeseeable event that occurred at a time when child's care and control was not entrusted to school.

[3]    **Education** 👉 Immunity in general

Defense of governmental immunity did not apply to negligence action brought against private high school.

Before: HOEKSTRA, P.J., and NEFF and OWENS, JJ.

[UNPUBLISHED]

PER CURIAM.

**\*1** Plaintiff appeals as of right the trial court's order granting summary disposition in this negligence action involving a sexual assault of plaintiff's son that occurred on the premises

2006 WL 475285

of defendant University of Detroit Jesuit High School and Academy. We affirm.

## I

On Saturday, September 18, 2004, plaintiff's twelve-year-old son, identified for purposes of anonymity as "John Doe," was driven by plaintiff to Jesuit High School and Academy where John and his brother attended school. While plaintiff waited in the car, John entered the school premises to locate his brother, who was participating in a school event. While inside the school, John was accosted by a non-student, sexual predator, taken to an unlocked men's restroom, and sexually assaulted.

Plaintiff filed this negligence action against Jesuit High School and Academy, defendant Father Karl Kiser, president of the school, and defendant Susan Rowe, school principal. The trial court granted defendants' motion for summary disposition on the basis that defendants owed no actionable duty under the facts of this case. The court concluded that because plaintiff father was present, the doctrine of *in loco parentis* was inapplicable. Further, because neither Father Kiser or Rowe was present at the school on the day of the assault, neither defendant owed a duty because the existence of a special relationship, and, thus, a duty, is coterminous with presence, *Cook v. Bennett,* 94 Mich.App. 93, 98, 228 N.W.2d 209 (1979).

## II

We review de novo a trial court's decision on a motion for summary disposition. *Beaudrie v. Henderson,* 465 Mich. 124, 129, 631 N.W.2d 308 (2001). A motion for summary disposition brought under MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted, tests the legal sufficiency of the claims on the basis of the pleadings alone. *Id.* at 129–130, 631 N.W.2d 308. All well-pleaded factual allegations are accepted as true and are construed in a light most favorable to the nonmoving party. *Adair v. State,* 470 Mich. 105, 119, 680 N.W.2d 386 (2004); *Alan Custom Homes, Inc. v. Krol,* 256 Mich.App. 505, 508, 667 N.W.2d 379 (2003). The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Adair, supra.*

"The existence of a duty is ordinarily a question for the trial court to decide as a matter of law." *Cook, supra* at 98, 288 N.W.2d 609. If the question of duty involves no disputed factual issues, and the court concludes that a defendant owes the plaintiff no duty, summary disposition is proper. *Id.*

## III

**[1]** Plaintiff argues that the trial court erred in granting summary disposition of plaintiff's claim that defendants were negligent in leaving the doors to the school unlocked and unattended during school-sponsored activities, thus permitting a convicted sexual felon to enter the school and sexually assault a twelve-year old student in an unlocked restroom. Given the circumstances of this case, we conclude that plaintiff has failed to show defendants owed John a duty. A plaintiff's failure to set forth a breach of any duty warrants a grant of summary disposition in favor of the defendant. *Id.* We therefore find no error in the grant of summary disposition.

**\*2** As a general rule, a person has no duty to protect others from the criminal acts of third parties. *Williams v. Cunningham Drug Stores, Inc.,* 429 Mich. 495, 498–499, 418 N.W.2d 381 (1988); *Graves v. Warner Bros,* 253 Much App 486, 493; 253 Mich.App. 486, 656 N.W.2d 195 (2002). The rationale underlying this general rule is that criminal activity, by its nature, is normally unforeseeable. *Id.* An exception to the general rule may be found if a special relationship exists between the plaintiff and the defendant, e.g., landlord-tenant, proprietor-patron, employer-employee, residential invitor-invitee, doctor-patient, carrier-passenger, innkeeper-guest. *Id.* at 494, 656 N.W.2d 195; *Marcelletti v. Bathani,* 198 Mich.App. 655, 664, 500 N.W.2d 124 (1993). The rationale underlying the special relationship exception is based on control; in each circumstance one person entrusts his care to another person, who is in control and best able to provide a place of safety. *Williams, supra* at 499, 418 N.W.2d 381.

In the context of schools, this Court has recognized that a special relationship may exist between a school agent or employee and a student, thereby imposing a duty to aid or protect. *Cook, supra* at 98, 101, 288 N.W.2d 609. "At least in a limited sense the relation of a teacher to a pupil is that of one *in loco parentis." Gaincott v. Davis,* 281 Mich.

515, 518, 275 N.W. 229 (1937). With respect to a teacher, a duty to exercise reasonable care for the safety of students is premised on a teacher's responsibility for oversight of student activity, and the duty is therefore coterminous with the teacher's presence at school. ⚐ *Cook, supra* at 98, 288 N.W.2d 609. "[A] teacher must be present to observe and control." *Id.*

Plaintiff argues that a private-tuition-based grade and high school has a special relationship with its students, thus imposing a duty to protect during school-sponsored activities. However, it was undisputed that the assault in this case took place on a Saturday, when school was not in session. Further, although school-sponsored activities were taking place that day, John was not participating in any school-sponsored event. Plaintiff had driven John to the school and waited in the car while the twelve-year-old went into the school to locate his brother. Under these circumstances, we cannot conclude that the special relationship exception for students applies to impose a duty on defendants. The rationale for imposing a duty on school personnel, i.e., *in loco parentis,* is inapplicable under these circumstances. Defendants were not standing *in loco parentis* with respect to John at the time the assault occurred nor was John's control entrusted to defendants at the time of the assault.

Further, the existence of a duty depends in part on foreseeability, i.e., whether it was foreseeable that the actor's conduct may create a risk of harm to the victim. *Goldman v. Phantom Freight, Inc.,* 162 Mich.App. 472, 481, 413 N.W.2d 433 (1987). "Where the events leading to injury are not foreseeable, there is no duty, and summary disposition is appropriate." ⚐ *Johnson v. Detroit,* 457 Mich. 695, 711, 579 N.W.2d 895 (1998). Plaintiff has not shown circumstances to support a conclusion that the injury in this case was foreseeable.

**\*3** While one would like to assume that a child is safe from harm on school premises whenever school-sponsored events are taking place, that is not always the case. We recognize that in certain circumstances, school officials or employees have a duty to protect the safety of students. Plaintiff, however, has failed to show that those circumstances are present in this case.

IV

**[2]** Plaintiff argues that the trial court erred in ruling that defendants were absolved of negligence because they allegedly were not physically present at the school when the assault occurred. Plaintiff further argues that the trial court erred in denying his motion to amend his complaint to allege that defendants were, in fact, physically present at the time the assault occurred. We find no error, albeit for reasons different from those relied on by the trial court.

In rendering its decision, the trial court reasoned that a principal has the same special relationship with a student as a teacher and that the duty stemming from the principal's relationship is therefore coterminous with the principal's presence. See ⚐ *Cook, supra* at 98, 288 N.W.2d 609 (teacher's duty is coterminous with presence at the school). We find this general reasoning flawed because, in this case, there was no allegation that defendants had direct oversight of John at the time of the assault. Unlike a teacher's duty, a principal's duty to a student normally stems from a responsibility for administration of the school and the overall safety of students, rather than from direct oversight. [1] Nonetheless, "[t]his Court will not reverse an order of the trial court if the court reached the right result for the wrong reason." ⚐ *Grand Trunk W R, Inc. v. Auto Warehousing Co.,* 262 Mich.App. 345, 354, 686 N.W.2d 756 (2004).

As discussed above, we find no basis for imposing a duty on defendants in their roles as principal and president of the school under the circumstances of this case. Any error in the court's ruling concerning defendants' presence or the denial of plaintiff's motion to amend his complaint is irrelevant to the outcome and therefore is not error requiring reversal.

V

**[3]** Plaintiff argues that the trial court erred in applying a standard of gross negligence in this case based on a defense of governmental immunity. We find no basis for the trial court's consideration of governmental immunity in this case given the undisputed status of Jesuit High School and Academy as a private school. However, given our reasoning, any error in this regard does not affect the outcome and is therefore not a basis for reversal.

Affirmed.

2006 WL 475285

**All Citations**

Not Reported in N.W.2d, 2006 WL 475285

---

## Footnotes

1    We disagree with the general statement to the contrary in *Brewster v. Smith,* unpublished opinion per curiam of the Court of Appeals, issued June 11, 1999 (Docket No. 204608), slip op p 2 ("By logical extension, a principal has the same special relationship with a student [as a teacher has], the duty stemming from that relationship likewise being coterminous with the principal's presence.")

---

**End of Document** <span style="float:right">© 2025 Thomson Reuters. No claim to original U.S. Government Works.</span>