U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANTHONY CLARK<br><br>　　Plaintiff,<br><br>v<br><br>WOLVERINE HUMAN SERVICES;<br>WOLVERINE HUMAN SERVICES, INC.;<br>SAGINAW INTERMEDIATE SCHOOL<br>DISTRICT; SAGINAW INTERMEDIATE<br>SCHOOL DISTRICT BOARD OF<br>EDUCATION; and JOHN/JANE DOES<br>1-10, in their official, professional, personal,<br>and individual capacities, jointly and<br>severally,<br><br>　　Defendants. | Case No.: 2:25-cv-11580<br>HON. THOMAS L. LUDINGTON |

DAVID WESLEY CORNISH, ESQ.
Attorney for Plaintiff
230 South Broad St., 17th Floor
Philadelphia, PA  19102
(888) 313-1385
dwesley24@gmail.com
*Admission application to be filed

| | |
|---|---|
| GREGORY W. MAIR (P67465)<br>KAILEN C. PIPER (P82865)<br>Attorneys for Defendants Saginaw ISD &<br>Saginaw ISD Board of Education<br>300 St. Andrews Road, Suite 302<br>Saginaw, MI  48638<br>(989) 790-0960<br>gmair@owdpc.com<br>kpiper@owdpc.com<br>dmcclure@owdpc.com | MARK J. ZAUSMER (P31721)<br>CAMERON R. GETTO (P57300)<br>Attorneys for Wolverine Human<br>Services & Wolverine Human<br>Services, Inc.<br>32255 Northwestern Hwy., Ste. 225<br>Farmington Hills, MI  48334<br>(248) 851-4111<br>mzausmer@zausmer.com<br>cgeetto@zausmer.com |

**DEFENDANTS SAGINAW INTERMEDIATE SCHOOL DISTRICT AND SAGINAW INTERMEDIATE SCHOOL DISTRICT BOARD OF EDUCATION'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## **ISSUES PRESENTED**

I.    Whether this Honorable Court should deny Plaintiff's Motion for Leave to File Amended Complaint because the Proposed Amended Complaint has not cured any deficiencies?

    Defendants would answer, "Yes."
    This Honorable Court should answer "Yes."

## INTRODUCTION

Plaintiff filed a motion for leave to amend the Complaint on September 10, 2025.  Defendants Saginaw Intermediate School District and Saginaw Intermediate School District Board of Education (collectively, the "SISD"), did not consent to the amendment and oppose the amendment as untimely.  Furthermore, the SISD believes that this Court should deny Plaintiff's request to address the issues related to Plaintiff's admission, residency, and discharge time periods, in addition to the applicable statutes of limitations periods.  These requested changes are futile for the reasons advanced in the previously filed Motion to Dismiss.  The Proposed Amended Complaint has not cured any deficiencies as Plaintiff's claim is still barred by the statute of limitations and should not be tolled.

## STATEMENT OF FACTS

Plaintiff filed his Complaint on May 1, 2025 and request to Amend his Complaint on September 10, 2025.  As to the SISD, Plaintiff's Proposed Amended Complaint alleges:

1. Violations of Title IX 20 U.S.C. § 1681 *et seq.* (Counts I and II).
2. Violations of Title 42 (42 U.S.C. § 1983 *et seq*) (Counts III and IV).
3. Negligence and Recklessness (Count V).
4. Negligent Retention (Count VI).
5. Negligent Supervision (Count VII).
6. Gross Negligence (Count VIII).
7. Violations of the Elliot-Larsen Civil Rights Act MCL § 37.2201, *et seq*. (Count XII).

(ECF No. 18, Page ID. 193-212, 215-216).

Plaintiff recently turned twenty-one (21) years old on June 1, 2025. (MDOC Anthony Clark—Exhibit 1). Plaintiff's Proposed Amended Complaint alleges that he was approximately thirteen (13) to seventeen (17) years old when he was Court-ordered to live at Wolverine's facility in 2018 to 2021 and when the alleged events took place. (ECF No. 18, PageID. 187, ¶ 42a).

Specifically, while at the facility, Plaintiff alleges that he was abused by employees —Staff Member 1 and Staff Member 2—while residing at Wolverine's facility. (ECF No. 18, PageID. 187-188, ¶ 42). Further, Plaintiff alleges that employees—Staff Member 3 and Staff Member 4—engaged in sexual intercourse and other inappropriate behaviors with him on numerous occasions during his time at Wolverine's facility. (ECF No. 18, PageID. 187-188, ¶ 42). However, in Plaintiff's Proposed Amended Complaint, Plaintiff asserts that Staff Member 1, Staff Member 2, Staff Member 3, and Staff Member 4 were employees of Wolverine or the SISD compared to Plaintiff's Complaint alleging that Staff Member 1, Staff Member 2, Staff Member 3, and Staff Member 4 were employees of Wolverine. (ECF No. 1, PageID. 7-8, ¶ 36) (ECF No. 18, PageID. 186, ¶ 36).

Accepting all of the factual allegations of the Plaintiff's Proposed Amended

Complaint as true[1], as the SISD must for the purpose of this Motion, the last alleged inappropriate conduct attributed to Wolverine took place from 2018-2021, four (4) to seven (7) years prior to the filing of Plaintiff's Motion to File an Amended Complaint in this matter on September 10, 2025. (ECF No. 18, PageID. 187, ¶ 42a). Additionally, given that Plaintiff was thirteen (13) to seventeen (17) years old from 2018 to 2021, he reached the age of majority, eighteen (18), by 2022. (MDOC Anthony Clark—Exhibit 1).

Plaintiff alleges that the SISD, through its employees, are mandated reporters pursuant to MCL 722.623, and are required to report any suspected child abuse. (ECF No. 18, PageID. 191, ¶ 48). Additionally, Plaintiff alleges that the SISD had a duty to provide treatment, supervision, and rehabilitation in accordance with the law and failed to do so. (ECF No. 18, PageID. 193, ¶ 60). However, Plaintiff has not alleged that the SISD specifically provided educational services to Plaintiff.

However, Plaintiff does not allege specifically how or when the SISD or its employees suspected or knew of any abuse nor when it failed to take any remedial steps. The Proposed Amended Complaint alleges that Plaintiff is unaware of the employer of Staff Member 1, Staff Member 2, Staff Member 3, and Staff Member 4. (ECF No. 18, PageID. 186, ¶ 36). However, Staff Member 1, Staff Member 2,

---

[1] Only accepting for purposes of this Motion and reserve the right to dispute the allegations pertaining to liability and/or damages should this Motion not prevail in full.

Staff Member 3, and Staff Member 4 are not employees, staff members, volunteers, or agents for the SISD, nor did the SISD even know Staff Member 1, Staff Member 2, Staff Member 3, and Staff Member 4.

Further, Plaintiff alleges that the SISD was acting *in loco parentis* and that Plaintiff was owed a duty of care by the SISD because at all times, Plaintiff was participating in a facility or school sponsored event. (ECF No. 18, PageID. 185, ¶ 32).  However, Plaintiff did not allege that the suspected abuse occurred while Plaintiff was participating in a SISD sponsored event.

## LEGAL STANDARD

"[L]eave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F. 3d 417, 420 (6th Cir. 2000)).  If a proposed complaint fails to state a claim for which relief could be granted, then it cannot withstand a motion to dismiss. Fed. R. Civ. P. 12(b)(6).

## LAW AND ARGUMENT

I. **PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS FUTILE AS IT HAS NOT CURED ANY DEFICIENCIES.**

In Michigan, a plaintiff may bring a cause of action for personal injury within three (3) years of the injury.  MCL § 37.2201.  The three (3) year limitations period begins when the "plaintiff knows or has reason to know of the injury." *JiQiang Xu v. Michigan State Univ.*, Dkt. No. 05-1372 at pg. 3, (6th Cir.  Aug. 24, 2006) (Exhibit 2).  In *Forrester v. Clarenceville School District,* Dkt. No. 20-12727 at pgs. 2-3, (E.D. Mich. June 3, 2021) (Exhibit 3), this Honorable Court recently granted the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss on statute of limitations grounds as it related to the plaintiffs' federal law claims.  Therein, the plaintiffs alleged federal law claims, much like the Plaintiff in this action, including alleged violations of 42 U.S.C. § 1983 and violations of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.*  (Exhibit 3).  This Honorable Court ultimately dismissed these claims finding that plaintiffs, all of which were students at the defendant school district and alleged that they had been abused as early as 2008, who had filed their complaint on October 7, 2020 had not filed their complaint within the statute of limitations applicable to their federal law claims.  (Exhibit 3).  In this regard, this Honorable Court found that their federal law claims accrued at the time that the alleged abuse occurred were subject to a three (3) year statute of limitations.  (Exhibit 3).  Thereafter, this Honorable Court declined to exercise supplemental jurisdiction over the pendent state law claims, dismissing same without prejudice.  (Exhibit 3).

Herein, the alleged injury in this case occurred from 2018 to 2021, however, Plaintiff did not file his claim until 2025, one (1) year beyond the statute of limitations. The Proposed Amended Complaint cannot grant relief because the injury occurred from 2018 to 2021 and Plaintiff did not bring his Complaint or his Proposed Amended Complaint until 2025. Therefore, Plaintiff's claims are time barred, and the Proposed Amended Complaint cannot grant relief.

In some instances, minors may have the statute of limitations tolled if they were under the age of eighteen (18) years old when the claims accrued and they file their claims when they turn nineteen (19) years of age. MCL § 600.5851(1); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639 (2004). Herein, the minor tolling provision does not save Plaintiff's claim because he did not bring these claims when he was nineteen (19) in 2023. Plaintiff did not file his Complaint until he was twenty (20) years old. (Anthony Clark MODC—Exhibit 1). The Proposed Amended Complaint does not cure this defect as Plaintiff did not bring his claim when he turned nineteen (19) years old. Therefore, the amendment is futile.

Likewise, MCL § 600.5805(6) also extends the period of limitations to ten (10) years for an action to recover damages sustained because of criminal sexual conduct. *Id.* MCL § 600.5805(6) defines criminal sexual conduct as the actions or inactions of an alleged perpetrator / actor in performing an illegal sexual act. Herein,

Plaintiff is not alleging that the SISD was the alleged perpetrator or actor that performed the alleged illegal sexual act. Likewise, MCL § 600.5805(6) also extends the period of limitations to ten (10) years for an action to recover damages sustained because of criminal sexual conduct. *Id.* MCL § 600.5805(6) defines criminal sexual conduct as the actions or inactions of an alleged perpetrator / actor in performing an illegal sexual act. Herein, Plaintiff is not alleging that the SISD was the alleged perpetrator or actor that performed the alleged illegal sexual act. Rather, Plaintiff alleges Staff Member 3 and Staff Member 4 who are not employed by the SISD, was the perpetrator. (ECF No. 18, PageID. 187 ¶ 42). The allegations against SISD are that it failed to report child abuse, provide treatment, supervision, and rehabilitation in accordance with the law. (ECF No. 18, PageID. 193 ¶ 60). Plaintiff's request to address the issues related to Plaintiff's admission, residency, and discharge periods, in addition to the applicable statutes of limitations do not cure the defect that alleges Staff Member 3 and Staff Member 4 were not employee of the SISD and the SISD was not an alleged perpetrator of the alleged acts. Since the Proposed Amended Complaint does not cure the statute of limitations defect as the SISD was not an alleged perpetrator, the Proposed Amended Complaint is futile.

Further, MCL § 600.5851b(3) provides that a minor victim of "criminal sexual conduct" between December 31, 1996 and June 18, 2016 may commence an action to recover damages for "criminal sexual conduct" by September 16, 2018 if the

person alleged to have committed the "criminal sexual conduct" is convicted of same and was the victim's physician or offered the victim medical treatment. However, Plaintiff's Amended Compliant does not cure the statute of limitations defect because the SISD was not convicted of criminal sexual conduct, it was not Plaintiff's physician and it did not offer Plaintiff medical treatment. The Proposed Amended Complaint has not cured any deficiencies as Plaintiff's claim is still barred by the statute of limitations and should not be tolled.

## **CONCLUSION**

For all the reasons stated above and reasons advanced in the SISD's Motion to Dismiss and response to the instant Motion to Amend, this Honorable Court should not permit Plaintiff to amend the Complaint to address the issues related to Plaintiff's admission, residency, and discharge periods, in addition to the applicable statutes of limitations periods since those claims are futile.

Respectfully Submitted,

Dated: September 16, 2025

s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendants Saginaw Intermediate School District and Saginaw Intermediate School District Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
gregmair@owdpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

| | |
|---|---|
| Elizabeth K. Abdnour | liz@education-rights.com<br>abdnoure@recap.email<br>jennifer@education-rights.com<br>elisabeth@education-rights.com |
| David Wesley Cornish | dwesley24@gmail.com |
| Cameron R. Getto | cgetto@zausmer.com<br>kcollings@zausmer.com<br>lwawrzyniak@zausmer.com<br>mjeffery@zausmer.com |
| Gregory W. Mair | gmair@owdpc.com<br>dmcclure@owdpc.com |
| Kailen C. Piper | kpiper@owdpc.com<br>kschaffer@owdpc.com |
| Mark J. Zausmer | mzausmer@zausmer.com<br>rwinalis@zausmer.com |

Respectfully submitted,

Dated: September 16, 2025

/s/ Gregory W. Mair
GREGORY W. MAIR (P67465)
Attorney for Defendants Saginaw ISD
& Saginaw ISD Board of Education
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
(989) 790-0960
gmair@owdpc.com